UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANGELUCCI,<br><br>                         Plaintiff,<br><br>v.<br><br>DAVID PEKOSKE,[1] Acting Secretary, United States Department of Homeland Security<br><br>                         Defendant. | Case No.: 3:20-cv-00435-AJB-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART DEFENDANT'S MOTION TO STRIKE THE AMENDED COMPLAINT (Doc. No. 10),**<br><br>**(2) GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND, and**<br><br>**(3) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS THE COMPLAINT (Doc. No. 4)** |

---

[1] On January 20, 2021, David Pekoske replaced Chad Wolf as Acting Secretary of the United States Department of Homeland Security. Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary Pekoske is "automatically substituted" as Defendant.

1

Before the Court is Defendant Acting Secretary David Pekoske's motion to dismiss Plaintiff Richard Angelucci's complaint (Doc. No. 4), as well as Defendant's subsequent motion to strike Plaintiff's amended complaint (Doc. No. 10). For the reasons set forth, the Court **GRANTS IN PART** Defendant's motion to strike, **GRANTS** Plaintiff leave to amend, and **DENIES AS MOOT** Defendant's motion to dismiss.

## I.   BACKGROUND

On March 6, 2020, Plaintiff filed a complaint asserting that Defendant subjected him to unlawful employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991. (Doc. No. 1 at 2.)[2] On June 26, 2020, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (Doc. No. 4.) Instead of responding to Defendant's motion, Plaintiff filed, on July 17, 2020, an amended complaint. (Doc. No. 7.)

On July 20, 2020, the Clerk's Office notified Plaintiff that his amended complaint was missing counsel's signature and instructed him to withdraw and refile a corrected version. (Doc. No. 14-1 at 2.) The next day, Plaintiff withdrew and refiled the amended complaint. (Doc. Nos. 8, 9.) Defendant thereafter moved to strike it—arguing that because the refiled amended complaint ("FAC") does not merely cure the pro forma error and includes substantive additions, the FAC is untimely and unauthorized under Federal Rule of Civil Procedure 15(a). (Doc. No. 10 at 2 n.2.)

Plaintiff concedes that he "withdrew the amended complaint and then he corrected the error and added additional facts to his amended complaint." (Doc. No. 12 at 5.) Plaintiff asserts that he believed his filing was within his right to amend as a matter of course. He requests that if his understanding is in error, that the Court either deem his FAC valid and strike the additional facts, or grant him leave to amend to include the additional facts.

---

[2] The pincite page citations refer to the ECF-generated page numbers at the top of each filing.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(f), allows the Court, on its own or by motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Federal Rule of Civil Procedure 15(a) provides:

> (**1**) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier.
>
> (**2**) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

According to the Ninth Circuit, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). These factors, however, are not weighted equally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing" of the remaining factors, there exists a "*presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

## III.     DISCUSSION

Turning first to the issue of whether Plaintiff's FAC, in its entirety, can be construed to have been properly filed as a matter of course, the Court finds that the answer is no. Pursuant to Rule 15(a), Plaintiff must have filed the amended complaint 21 days after

Defendant's service of the motion to dismiss on June 26, 2020. (Doc. No. 4.) As such, Plaintiff's filing was due on July 17, 2020. And although he did file an amended complaint on that day, he subsequently withdrew it on July 21, 2021. (Doc. No. 8.)

The Court acknowledges that the Clerk's Office instructed Plaintiff to withdraw and refile the amended complaint due to a signature error. However, when Plaintiff filed the FAC, it contained more than a simple signature correction. In Plaintiff's words, he "added additional facts to his amended complaint." (Doc. No. 12 at 5.) Because the FAC contains substantive factual matter not previously asserted in the earlier timely filing, the Court does not find that the entirety of the FAC is properly filed as a matter of course. Rather, the Court construes the FAC as a proper "matter of course" filing only insofar as it does not include the additional untimely substantive material. Accordingly, the Court will **GRANT IN PART** Defendant's motion to strike—striking only the offending portions of the FAC. (Doc. No. 10.) Relatedly, in light of Plaintiff's filing of the FAC, the Court **DENIES AS MOOT** Defendant's motion to dismiss the original complaint. (Doc. No. 4.)

Second, the Court turns to Plaintiff's request for leave to amend the FAC to include additional facts. (Doc. No. 12 at 5.) Here, the weight of the relevant factors does not overcome the presumption in favor of granting leave to amend. *See Eminence Capital,* 316 F.3d at 1052. Specifically, there is no allegation that Plaintiff acted in bad faith. Moreover, the case is in the early stages of litigation, and thus, an amendment would not cause undue delay or prejudice to Defendant. Further, as the amendment seeks to address issues raised in Defendant's motion to dismiss, the Court does not find that amendment would be futile in this case. And although Plaintiff previously amended the complaint, this factor alone is insufficient to overcome the presumption in favor of the amendment. *See id.* ("Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original). Thus, the Court grants Plaintiff's request for leave to amend the FAC.

## IV.   CONCLUSION

Accordingly, for the reasons stated:

1. The Court **GRANTS IN PART** Defendant's motion to strike the FAC, striking only those portions that were not included in the prior timely filing, with the exception of counsel's signature. (Doc. No. 10.) For ease of reference, Plaintiff is **DIRECTED** to file, no later than February 3, 2021, the corrected version of the FAC, and label it as a "Notice" event.
2. The Court **DENIES AS MOOT** Defendant's motion to dismiss. (Doc. No. 4.)
3. The Court **GRANTS** Plaintiff's request for leave to amend the FAC. Plaintiff must file his second amended complaint no later than February 16, 2021. Defendant must file a responsive pleading no later than March 3, 2021.

**IT IS SO ORDERED.**

Dated: February 1, 2021

Hon. Anthony J. Battaglia
United States District Judge