1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 RICHARD ANGELUCCI,<br><br>12         Plaintiff,<br><br>13 v.<br><br>14 ALEJANDRO MAYORKAS,[1] Secretary,<br>United States Department of Homeland<br>15 Security<br><br>16         Defendant.<br>17<br>18<br>19 | Case No.:  3:20-cv-00435-AJB-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**(Doc. No. 20)** |

20

21      Before the Court is Defendant Alejandro Mayorkas, Secretary of the United States

22  Department of Homeland Security's ("Defendant") motion to dismiss Plaintiff Richard

23  Angelucci's ("Plaintiff") Second Amended Complaint ("SAC"). (Doc. No. 20.) Plaintiff

24  opposed the motion, (Doc. No. 22), and Defendant replied (Doc. No. 23). For the reasons

25  set forth below, the Court **DENIES** Defendant's motion to dismiss.

26

27  [1] On February 2, 2021, Alejandro Mayorkas replaced David Pekoske as Secretary of the United States
28  Department of Homeland Security. Pursuant to Fed. R. Civ. P. 25(d), Secretary Mayorkas is
"automatically substituted" as Defendant.

1    **I.    BACKGROUND**[2]

2         Plaintiff brings this action against Defendant, alleging that Defendant subjected him

3    to unlawful employment discrimination in violation of Title VII of the Civil Rights Act of

4    1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991.

5    (Doc. No. 19 at 2.)[3] Plaintiff claims that the Transportation Security Administration[4]

6    ("TSA") improperly terminated him based on his race, color, and gender. Specifically,

7    Plaintiff alleges TSA failed to discharge a "similarly situated," "non-mixed" female

8    employee whose conduct was "similar to his own."

9         Defendant employed Plaintiff as a Supervisory Transportation Security Officer

10   ("STSO") for the TSA of the San Diego International Airport from May 2009 to August

11   2017. During his employment, Plaintiff "satisfactorily performed" his duties. Every

12   performance review period, he received a rating of at least "Achieved Standards." And in

13   2015 and 2016, he received a rating of "Achieved Excellence."

14        In January 2014, Defendant placed Plaintiff on "indefinite suspension" for "off-duty

15   misconduct." As a result of the suspension, Plaintiff incurred a six-month gap in his

16   earnings. Then, to obtain a home loan in 2016, Plaintiff requested from Victoria Chavez

17   ("Chavez")—a TSA Transportation Security Manager and Plaintiff's immediate

18   supervisor—"an official employer letter" explaining his salary deficit in 2014. In April

19   2016, Chavez authored and signed the letter. Chavez described Plaintiff's suspension as

20   "Leave Without Pay" taken to "attend to a personal matter." Plaintiff and Chavez each

21   understood the letter misrepresented the circumstances surrounding Plaintiff's suspension.

22        In February 2017, Plaintiff's mortgage loan underwent an audit, which required

23   employer reverification of documents obtained during his mortgage loan origination

24   process. Through the reverification process, TSA discovered the "alleged false statements"

25

26   _____
     [2] The following facts are taken from Plaintiff's SAC and are construed as true for the limited purpose of
     resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

27   [3] The pincite page citations refer to the ECF-generated page numbers at the top of each filing.

28   [4] The TSA is an administrative agency under the Department of Homeland Security established to
     maintain transportation security and safety.  (Doc. No. 19 ¶ 13).

                                                                    3:20-cv-00435-AJB-JLB

submitted by Plaintiff "regarding the loan application by Plaintiff." TSA's Office of Inspection investigated the incident and notified Defendant of its findings.

On August 5, 2017, Deputy Assistant Kenneth Croff ("Croff")[5] issued Plaintiff a "Notice of Proposed Removal" charging him with lack of candor relating to the letter (hereinafter, "removal notice"). On the same day, Croff issued Chavez a "Notice of Proposed 14 Day Suspension" similarly charging her with lack of candor relating to the letter (hereinafter, "suspension notice").

On August 18, 2017, deciding official, Deputy Michael Cleveland ("Cleveland"), issued a "Notice of Decision," sustaining Plaintiff's removal and dismissing him from federal service on August 18, 2017. On August 23, 2017, Cleveland issued a "Notice of Decision" sustaining Chavez's suspension for 14 days, which were to be spread out over multiple pay period per Chavez's request.

Plaintiff filed suit on March 6, 2020; he has twice amended his complaint. (Doc. Nos. 1, 9, 19.) The operative complaint is Plaintiff's SAC. (Doc. No. 19.) Plaintiff asserts three causes of action against Defendant: (1) discrimination based on race/national origin, (2) discrimination based on color, and (3) discrimination based on sex/gender. The instant motion to dismiss the SAC for failure to state a claim follows. (Doc. No. 20.)

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint, i.e., whether the complaint lacks either a cognizable legal theory or facts sufficient to support such a theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citations omitted). For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the motion, the court "must accept as true all of the allegations contained in a complaint," but

---

[5] The SAC appears to refer to the same individual "Croff" and "Croft" interchangeably.

it need not accept legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## III.   DISCUSSION

### A.   Incorporation by Reference Doctrine

To begin, Plaintiff challenges Defendant's submission of TSA's Table of Offenses and Penalties for the Court's consideration. (Doc. No. 20-3 at 12-41.) "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, documents not attached to a complaint may be considered under the "incorporation by reference" doctrine in this Circuit if they "were referenced extensively in the complaint and were accepted by all parties as authentic." *Id.*

Here, Plaintiff contends that the Table of Offenses and Penalties attached by Defendant in the motion to dismiss should not be considered at this stage. (Doc. No. 22.) The Court agrees. Because the complaint makes no specific reference to this table, the Court finds that it is not incorporated by reference into the SAC and is therefore inappropriate for consideration. The documents concerning Plaintiff's proposed and ultimate removal, as well as Chavez's proposed and ultimate suspension, however, are explicitly referenced in the SAC, and the parties do not dispute their authenticity. (Doc. Nos. 19 ¶ 36–41; 20-3; 20-4.) Thus, these documents are incorporated by reference into the SAC and may be considered when adjudicating the pending motion to dismiss. *See Van Buskirk*, 284 F.3d at 980.

### B.   Title VII Legal Framework

Turning to the sufficiency of the SAC, Plaintiff contends that Defendant terminated him due to his Italian-Ecuadorian race/national origin, tan skin tone, and male sex/gender. (Doc. No. 19 ¶¶ 59-71, 72-84, 85-97.) Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a)(1). For a plaintiff to prevail on a Title VII

discrimination claim, he must establish a prima facie case that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (citing *McDonnell Douglas Corp. v. Greene,* 411 U.S. 792, 802 (1973)).[6]

The parties do not dispute that Plaintiff adequately alleged that he is a member of a protected class and that he experienced an adverse employment action. (Doc. No. 22 at 15 n.3.) Instead, Defendant's motion focuses on the following elements: whether Plaintiff was qualified for the position, and whether similarly situated individuals outside his protected class were treated more favorably. Specifically, Defendant argues that: (1) the SAC precludes a showing of satisfactory work performance; (2) Plaintiff's sole comparator is not similarly situated and therefore insufficient to prove discrimination; and (3) Plaintiff cannot demonstrate pretext for unlawful discriminatory intent. (Doc. No. 20 at 11–19.)

### A. Satisfactory Job Performance

A plaintiff must show that he completed his job "well enough to rule out the possibility that he was fired for inadequate job performance." *Sengupta v. Morrison-Knudsen Co., Inc.,* 804 F.2d 1072, 1075 (9th Cir. 1986). Here, Plaintiff alleges that he has satisfactorily performed his job duties since the TSA hired him in 2009 until it

---

[6] At the motion to dismiss stage, the *McDonell Douglas* framework may not apply depending on the particular facts of a case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). "For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case." *Id.* (citing *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, (1985)). Here, Plaintiff's SAC does not contain allegations showing direct evidence of discrimination. Thus, to determine whether Plaintiff has alleged a plausible claim of discrimination, the Court deems it appropriate to consider whether he has alleged facts sufficient to support the *McDonell Douglas* elements as such facts would raise a reasonable inference of discrimination. To the extent that Plaintiff argues that pursuant to *Swierkiewicz* a lesser pleading standard applies, the Court disagrees. *Twombly* and *Iqbal*, which were published after *Swierkiewicz*, announced the governing standard. Plaintiff must plead sufficient factual matter to show a plausible claim to relief; legal conclusions do not suffice. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

3:20-cv-00435-AJB-JLB

1    terminated him in 2017. (Doc. No. 19 ¶¶ 20, 63, 76, 89.) He also alleges that "he has

2    continually met Defendant's legitimate performance expectations each fiscal year because

3    he always received at least an 'Achieved Standards' rating on all of his performance

4    evaluations." (*Id*. ¶¶ 63, 76, 89.) The SAC also contains allegations that the reviewing

5    officials, Croff and Cleveland, acknowledged the following about Plaintiff's job

6    performance.

> You have been an employee since May of 2009 and have generally performed
> your screening and supervisory duties in an exemplary manner, receiving
> ratings of "Achieved Excellence" on your 2015 and 2016 performance
> reviews. You have also received several cash awards and performed
> admirably as an acting manager. Your years with the agency and overall
> performance on the job reflect well on you and are considered substantial
> mitigating factors.

12   (*Id.* ¶¶ 37, 39.)

13   Drawing all reasonable inferences in favor of Plaintiff, the Court finds these

14   allegations sufficient to indicate that Plaintiff performed his job satisfactorily and was not

15   fired for inadequate job performance. *See Sengupta,* 804 F.2d at 1075. The Court

16   acknowledges Defendant's contention that the removal notice incorporated into the SAC

17   indicates that non-discriminatory reasons such as Plaintiff's 2014 off-duty misconduct and

18   subsequent misrepresentation relating thereto formed the basis of his termination.

19   "Although the incorporation-by-reference doctrine is designed to prevent artful pleading

20   by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a

21   well-pleaded claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir.

22   2018). Consistent with the admonition against resolving factual disputes at the pleading

23   stage, the Court finds Defendant's arguments inappropriate for consideration at this time.

24   *See id.* (citing *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir.

25   2008), which "found[] it proper to consider disability benefits plan referenced in complaint,

26   but declining to accept truth of the plan's contents where the parties disputed whether

27   defendant actually implemented the plan according to its terms."). Accordingly, the Court

28

3:20-cv-00435-AJB-JLB

finds that Plaintiff has sufficiently pled that he performed his job satisfactorily and was qualified for his position. *See Peterson*, 358 F.3d at 603; *Sengupta,* 804 F.2d at 107.

## B. Similarly Situated Employees

Next, the Ninth Circuit has held that "individuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). The question of "whether two employees are similarly situated is ordinarily a question of fact." *Beck v. United Food & Commercial Workers Union Local 99,* 506 F.3d 874, 885 n. 5 (9th Cir. 2007). There is no requirement that the employees' roles be identical. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010). "[T]hey must only be similar 'in all material respects.'" *Id.* (quoting *Moran v. Selig,* 447 F.3d 748, 755 (9th Cir. 2006)). "Materiality will depend on context and the facts of the case." *Id.*

Here, Plaintiff alleges that Chavez, a similarly situated non-mixed race (Italian/Ecuadorian) female employee with a lighter skin color than him was similarly cited for lack of candor, but "not similarly disciplined and/or removed from federal service like Plaintiff." (Doc. No. 19 ¶¶ 24, 60, 65, 66, 78, 79, 91, 92.) According to Plaintiff, he was a "Supervisory Transportation Security Officer," and Chavez was a "Transportation Security Manager." (*Id.* ¶¶20, 23.) Plaintiff asserts that he and Chavez are similarly situated in all material respects because they had similar jobs, were both charged with lack of candor for the misleading letter they created in 2016, and were both subject to the same TSA employment policies. (*Id.* ¶ 66, 79, 92.) Accepting the allegations in the SAC as true and viewing all inferences in the light most favorable to Plaintiff, the Court finds that Plaintiff has pled sufficient factual matter to show that a similarly situated individual outside his protected class was treated more favorably. *See Peterson*, 358 F.3d at 603.

Defendant's arguments to the contrary are unavailing. In Defendant's view, Plaintiff's comparator is not similar in "all material respects" because Chavez "held a higher management position," has "unblemished work history," and each played "materially different roles in the offense." (Doc. No. 23 at 3–4.) While Plaintiff does allege

that Chavez was his immediate supervisor, the employees' positions "need not be identical" to be materially similar. *Hawn*, 615 F.3d at 1157. And because whether employees are similarly situated in all material aspects depend on the context and facts of the case, the Court finds Defendant's remaining arguments concerning the distinguishing weight of Chavez's work history, role in the offense, and the TSA's discretion inappropriate for consideration at the motion to dismiss stage. Rather, the Court deems such arguments more suitable for determination at the summary judgment stage where the factual record has been developed. *See id.*; *Beck,* 506 F.3d at 885 n.5. Accordingly, the Court finds that Plaintiff has sufficiently pled that a similarly situated employee was treated more favorably than him in this case.[7] *See Peterson*, 358 F.3d at 603.

In sum, because Plaintiff's SAC contains adequate factual matter to show that he was qualified for his position and a similarly situated individual outside his protected class was treated more favorably, and Defendant does not dispute that Plaintiff has adequately pled the other elements of a prima facie Title VII discrimination claim, the Court will deny Defendant's motion to dismiss. The SAC contains facts sufficient to give rise to an inference of discrimination.

//

//

//

//

//

---

[7] The Court disagrees with Defendant's contention that the SAC and incorporated documents preclude a finding that Chavez and Plaintiff are similarly situated in this case. While the Court acknowledges that that the incorporated documents show that Chavez had not received any prior disciplinary actions and that Plaintiff had, the deciding official found such to be "substantially mitigating" for Chavez and "marginally aggravating" for Plaintiff. (Doc. Nos. 20-3 at 4; 20-4 at 4.) Viewing these facts in the light most favorable to Plaintiff, there is a reasonable inference that the deciding official did not view Plaintiff's and Chavez's disciplinary record as significantly or materially different. And again, factual disputes are not meant to be resolved at the motion to dismiss stage. *See also Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.").

3:20-cv-00435-AJB-JLB

1  **IV.   CONCLUSION**

2         Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's motion to

3  dismiss. (Doc. No. 20.)

4         **IT IS SO ORDERED**.

5  Dated:  October 4, 2021

6                                                    Hon. Anthony J. Battaglia

7                                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:20-cv-00435-AJB-JLB